UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELICA V. MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2181-B |
| | § | |
| INNOVA SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Innova Solutions, Inc. ("Innova")'s Motion to Dismiss under

Rule 12(b)(6) (Doc. 8). For the reasons set forth below, the Court **GRANTS** Innova's Motion and

**DISMISSES** Plaintiff Angelica V. Moore's Complaint **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

This is an employment discrimination case. Moore began working at Diversant in June 2020

as a Director of Strategic Accounts. Doc. 1, Compl., ¶ 4.01. In 2023, Innova acquired Diversant

and Moore started reporting to a new supervisor. *Id.* ¶ 4.02. After her transfer, she did not receive

"a clear expectation about her role, responsibilities," or her compensation. *Id.* ¶ 4.04. But when all

her peers were transferred to new leaders, they were "given clear expectations of their roles and

responsibilities." *Id.* ¶ 4.05. Moore is a Hispanic/Mexican woman and was the only woman in her

role. *Id.* ¶¶ 4.01, 4.05

Moore's bonus was a significant part of her total compensation, so knowing the amount "was

critical" to her. *Id.* ¶ 4.06. Moore's compensation included her base salary and bonus, which could

be as large as 50% of her base salary. *Id.* ¶ 4.05. Throughout her tenure, Moore received a bonus one month after the end of each quarter. *Id.* ¶ 4.06. The amount of the bonus was calculated based on the company's yearly, set budget. *Id.* And because the company closely tracked its budget, Moore always knew how much she would receive as a bonus. *Id.* But in 2023, Moore did not learn what she would receive for the first quarter until the last day of the second quarter. *Id.* ¶ 4.08.

Moore alleges her "boss showed clear signs of lack of respect for [her], [her] leadership, and women in leadership in general." *Id.* ¶ 4.07. Innova is owned by an Indian family. *Id.* Moore alleges 95 percent of the new leaders Innova hired since it acquired Diversant were either Indian men or promoted by their family members. *Id.*

Before she learned what her bonus would be in June 2023, Moore "raised a lot of noise" to Human Resources ("HR") about her numbers and bonus. *Id.* ¶ 4.08. She complained to HR that her new boss did not respect her and "told her that she provided no value." *Id.* ¶¶ 8.02, 4.08. She was laid off the next week "due to budget cuts." *Id.* ¶ 4.09.

Moore brings six claims. She brings race and gender discrimination claims under 42 U.S.C. § 1981 (count one), *id.* ¶¶ 5.01–5.05, § 21.001 of the Texas Labor Code (count two), *id.* ¶¶ 6.01–6.08, and in the alternative, Title VII, 42 U.S.C. §§ 2000e *et seq* (count three), *id.* ¶¶ 7.01–7.06. Moore also brings claims for retaliation, harassment, and hostile work environment under the Texas Labor Code (counts four, five, and six). *Id.* ¶¶ 8.01–8.05. Innova moves to dismiss each of these claims under Rule 12(b)(6). *See* Doc. 8, Mot., 1. The Court considers Innova's Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotations omitted).

## III.

## ANALYSIS

The Court **GRANTS** Innova's Motion to Dismiss and **DISMISSES** Moore's claims for race and sex discrimination, retaliation, and harassment and hostile work environment **WITHOUT PREJUDICE**.

A.      *The Court Dismisses Moore's Discrimination Claims.*

The Court dismisses Moore's first, second, and third claims for racial discrimination under § 1981, § 21.001 of the Texas Labor Code, and Title VII. Courts use the same framework to analyze claims for racial discrimination under each provision. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (noting § 1981 and Title VII claims are analyzed under the same framework); *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012)) (noting a Chapter 21 claim under the Texas Labor Code is "effectively identical to Title VII" (quotation omitted)).

A plaintiff can establish a discrimination claim by showing disparate treatment based on her protected class. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019). To survive a Rule 12(b)(6) motion to dismiss, "a plaintiff need not make out a prima facie case of discrimination." *Id.* (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)) (alterations omitted). Instead, a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). The ultimate elements of a disparate treatment claim are "(1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Cicalese*, 924 F.3d at 767 (internal quotations and emphasis omitted). To plead the first element, a plaintiff need only plausibly allege "discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment." *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502–03 (5th Cir. 2023) (en banc) (quoting 42 U.S.C. § 2000e-2(a)(1)). To plead the second element, the plaintiff must allege facts that suggest the employer's actions were based on the plaintiff's protected status—here, race or gender—or that the employer "treated similarly situated employees of other races or [another gender] . . . more favorably." *Raj*, 714 F.3d at 331.

Moore fails to state a claim for discrimination—she does not plausibly allege that she suffered an adverse employment action *because* of her protected status. Moore alleges an adverse employment action because she was laid off. *See Hamilton*, 79 F.4th at 502; Doc. 1, Compl., ¶ 4.08. But she fails to plausibly allege that she was laid off because of her race or gender. Moore asserts that all of her "peers were transitioned to new leaders . . . and given clear expectations of their roles and responsibilities." *Id.* ¶ 4.05. But Moore, "the only female in this role who transitioned to Innova in the same capacity," was never given "a clear expectation about her role, responsibilities[,] and more importantly her compensation." *Id.* ¶ 4.04. She contends her "boss showed clear signs of lack of respect for [Moore], [her] leadership and women in leadership in general." *Id.* ¶ 4.07. And Innova, which is an Indian family-owned company, hired several new leaders, 95 percent of whom were "Indian males or promoted by their own family members." *Id.* Finally, she says her boss "told her that she provided no value." *Id.* ¶ 4.08.

These facts do not allege that she was laid off because of her gender or race. Moore says that the company purportedly laid her off "due to budget cuts." *Id.* ¶ 4.09. Moore does not allege she was the only employee who was laid off, or that only employees in her protected classes were laid off.

Moore alleges no facts or specific incidents that support an inference that Innova laid her off because of her protected class. *See id.* Moore's claim that her "boss showed clear signs of lack of respect for [Moore], [her] leadership and women in leadership in general," Doc. 1, Compl., ¶ 4.07, is a conclusory allegation void of any supporting facts. *Chhim*, 836 F.3d at 469 (citing *Iqbal*, 556 U.S. at 678). And the fact that 95 percent of the several new leaders hired were "Indian males or promoted by their own family members" does not support an inference that Moore was fired because of her race or gender. Doc. 1, Compl, ¶ 4.07. Indeed, Moore does not allege that any of these new leaders

replaced her or other employees of Moore's protected statuses. Finally, Moore's boss telling her that she "provided no value," if anything, suggests a non-discriminatory reason for her termination. *Id.* ¶ 4.08.

Although Moore need not allege a comparator at this stage, she had to at least allege some "specific incident[] . . . that would permit the inference that an adverse employment action was taken because of [her] protected status." *Jenkins v. City of Dall.*, 717 F. Supp. 3d 528, 536–37 (N.D. Tex. 2024) (Boyle, J.). She failed to do so. Neither does Moore allege a comparator. She asserts that some peers received clear expectations about their job, but she does not allege that these peers were similarly situated. Moore alleges that the peers who received clear expectations about their jobs reported to various leaders, not her boss. Doc. 1, Compl., ¶¶ 4.02, 4.05. It is also unclear from the Complaint if any of these peers had the same role as Moore. *See* Doc. 1, Compl., ¶ 4.05. Thus, they were not similarly situated. Accordingly, the Court dismisses Moore's discrimination claims.

B.      *The Court Dismisses Moore's Retaliation Claim.*

The Court dismisses Moore's fourth claim for retaliation under the Texas Labor Code without prejudice. *See* Doc. 1, Compl. ¶ 8. To state a claim for retaliation under the Texas Labor Code, a plaintiff must allege that "(1) she engaged in an activity protected by the [Texas Labor Code], (2) an adverse employment action occurred, and (3) there exists a causal link between the protected activity and the adverse action." *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015) (citation omitted). "An employee engages in a protected activity when she 'opposes a discriminatory practice,' 'makes or files a charge,' 'files a complaint,' or 'testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.'" *Id.* (quoting TEX. LABOR CODE § 21.055). But an employee need not allege she opposed what was actually "an unlawful practice, only that she held

a good-faith reasonable belief that" the practice or conduct she opposed was "made unlawful by Title VII or the [Texas Labor Code]." *Cox & Smith Inc. v. Cook*, 974 S.W.2d 217, 224 (Tex. App.–San Antonio 1998, pet. denied). The question is whether an employee's opposition would "alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (quoting 42 U.S.C. § 2000e–2(a)(1)); *see also Nicholas*, 461 S.W.3d at 136–37 (looking to federal law on Title VII to analyze a Texas Labor Code retaliation claim).

Here, Moore did not allege a protected activity, because she did not allege that she opposed an act that she reasonably believed was unlawful under Title VII or the Texas Labor Code. *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th Cir. 2021), *as revised* (Nov. 26, 2021). To determine "whether an employee's belief that his employer engaged in an unlawful act was reasonable, a court must determine whether a person, not instructed on Title VII law as a jury would be, could reasonably believe that she was providing information about a Title VII violation." *Id.* at 1211 (quotations and alterations omitted). Moore alleges that she "raised a lot of noise . . . about her Q1 numbers and bonus (still not knowing how she was being measured), to [HR]," and told HR "that her new boss told her that she provided no value." Doc. 1, Compl., ¶ 4.08. Later in her Complaint, she restates this opposition as a complaint "regarding her compensation and the lack of respect for her from her boss." *Id.* ¶ 8.02. These complaints are completely unrelated to a protected activity. Moore did not mention disparate treatment or a belief that she was being disrespected because of any protected characteristic. Neither does she allege that she complained that male or non-Hispanic employees were told of their first quarter numbers, while she was not. Instead, she complained that her boss disrespected her and said she provides no value. Such a complaint reasonably suggests her

boss was dissatisfied with her performance. It does not support a reasonable belief that her boss discriminated against her. Thus, she failed to plausibly allege any protected activity. Accordingly, the Court grants Innova's Motion to dismiss Moore's fourth claim for retaliation.

C.    *The Court Dismisses Moore's Harassment and Hostile Work Environment Claims.*

The Court  dismisses Moore's fifth and six claims for sexual harassment and hostile work environment under the Texas Labor Code. Moore alleges "harassment and hostile environment" claims as her "fifth and sixth counts." Doc. 1, Compl., ¶ 8. However, Innova describes these claims as one—namely, "a claim for sexual harassment based on a hostile work environment theory." Doc. 8, Mot. Dismiss, 8. And Moore describes her claim identically in her Response to the Motion to Dismiss. *See* Doc. 11, Resp., 6–7. Therefore, the Court construes Moore's harassment and hostile work environment claims as one claim "for sexual harassment based on a hostile work environment theory." *Id.*; *see Matter of Dall. Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (finding a claim abandoned when a plaintiff failed to respond to arguments to dismiss the claim).

To state a claim for sexual harassment based on a hostile work environment, a plaintiff must allege "(1) she was subjected to unwelcome sexual harassment, (2) she was harassed because of her sex, (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile work environment, and (4) some basis for holding the employer liable." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). Sexual harassment includes "an unwelcome sexual advance, a request for a sexual favor, or . . . [certain] other verbal or physical conduct of a sexual nature." TEX. LABOR CODE § 21.141(2). "The core concept" of such a claim "is that sexual harassment has created an environment that, through the impact it would have on the victim, can be said to discriminatorily alter a 'term, condition, or privilege' of employment. *Twigland Fashions,*

*Ltd. v. Miller*, 335 S.W.3d 206, 218 (Tex. App.–Austin 2010, no pet.) (emphasis omitted). Because Moore fails to allege that she suffered unwelcome sexual harassment, her claim for sexual harassment based on a hostile work environment fails.

Moore does not allege that she was subjected to unwelcomed harassment. Moore contends she stated a claim because she "detailed facts" about Innova's failure to provide her "budget/quota data, the compensation she could earn," and she alleged her boss told her she added no value to the company. Doc. 11, Resp., 6; Doc. 1, Compl., ¶¶ 4.04–4.08. These facts do not state a claim for sexual harassment because they do not constitute an "unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature." *See* TEX. LABOR CODE § 21.141(2). Indeed, they in no way relate to sexual conduct. As a result, Moore's claim for sexual harassment based on a hostile work environment fails.

C.    *The Court Grants Leave to Amend Moore's Complaint.*

The Court grants Moore leave to amend her Complaint for all claims. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Moore may amend her Complaint with respect to each claim. She has not yet amended her claims, and granting leave to amend would not be futile because Moore could, with more facts, allege plausible claims. *See id.* Accordingly, the Court grants Moore leave to amend.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Innova's Motion to Dismiss (Doc. 8) and **DISMISSES** Moore's Complaint in its entirety **WITHOUT PREJUDICE**. Should Moore elect to file an amended complaint, she must do so on or before **May 28, 2025**.

**SO ORDERED.**

**SIGNED: May 7, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE