UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELICA V. MOORE, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2181-B |
| | § | |
| INNOVA SOLUTIONS, INC., | § | |
| | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Innova Solutions, Inc. ("Innova")'s Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) (Doc. 15). For the reasons set forth below, the Court **GRANTS in part** Innova's Motion.

## I.

## BACKGROUND

This case involves an employment dispute. Moore, a Hispanic female, began working at Diversant in June 2020 as a Director of Strategic Accounts. Doc. 14, Am. Compl., ¶ 4.01. Moore's compensation included her base salary and bonuses, which could total as much as 50% of her base salary, plus "kickers for exceeding her goals." *Id.* ¶ 4.05. At Diversant, Moore's boss determined a yearly budget and based her bonuses on that budget. *Id.* ¶ 4.06. Because the bonus amount was calculated based on the yearly budget, Moore always knew how much she would receive ahead of time. *Id.* Knowing that amount "was critical" to Moore because it made up a substantial portion of her total compensation. *Id.* Moore always received a quarterly bonus a month after each quarter ended. *Id.*

But in 2022, Diversant was acquired by Innova. *Id.* ¶ 4.02. Innova is owned by an Indian family. *Id.* ¶ 4.07. Moore alleges 95 percent of the new leaders Innova hired since it acquired Diversant were Indian men. *Id.* Additionally, after the acquisition, Innova assigned Moore's Indian male peers to new supervisors and "given clear expectations of their roles and responsibilities." *Id.* ¶ 4.05.

Innova also assigned Moore to a new supervisor—an Indian male. *Id.* ¶ 4.02. Moore alleges that her new "boss showed clear signs of lack of respect for [her] and [her] leadership, due to his discrimination against females and non-Indians." *Id.* ¶ 4.07. While he gave "similarly situated Indian male subordinates" assistance and advice, he did not do the same for Moore. *Id.*

According to Moore, Innova "discriminated against [her] by not . . . giv[ing] [her] a clear expectation about her role, responsibilities and . . . compensation." *Id.* ¶ 4.04. In contrast, Moore alleges her "Indian male similarly situated peers were given such information." *Id.* ¶ 4.06. In June 2023, Moore complained to Human Resources ("HR") about not receiving her quarter one numbers and bonus information. *Id.* ¶ 4.08. Moore "also let HR know that her new boss told her that as a non-Indian female she provided no value." *Id.* In that same month, Moore received "her budget and results for quarter one, as well as 75% of her bonus potential" but did not receive an answer on where the numbers came from or on her quarter two numbers. *Id.*

The very next week, Moore was "laid off due to budget cuts." *Id.* ¶ 4.09 (internal quotation marks omitted). Moore alleges her termination was a "pretext for discrimination based on Plaintiff's race, non-Indian, and sex, female." *Id.*

In her Amended Complaint, Moore brings discrimination claims under 42 U.S.C. § 1981 (count one), *id.* ¶¶ 5.01-5.05, under section 21.001 of the Texas Labor Code (the "TCHRA") (count

two), *id.* ¶¶ 6.01-6.08, and in the alternative to count one, under Title VII, 42 U.S.C. §§ 2000e *et seq.* (count three), *id.* ¶¶ 7.01-7.06. Moore also brings claims for retaliation, harassment, and hostile work environment under TCHRA (counts four, five, and six). *Id.* ¶¶ 8.01-8.05.

In response to the Amended Complaint, Innova filed its Motion to Dismiss Plaintiff's Amended Complaint (the "Second Motion to Dismiss"). *See generally* Doc. 15, Second Mot. Dismiss. Pursuant to the Local Rules, Moore had 21 days to file a response. N.D. Tex. Civ. R. 7.1(e). That date passed, and Moore failed to file a response. Subsequently, the Court ordered Moore to explain why she failed to file a response to the Second Motion to Dismiss. *See* Doc. 16, Order, 1. In response, Moore stated she "advised [her] counsel that she had fully responded to counsel to the best of her ability with respect to the Defendant's First Motion to Dismiss . . . and had nothing further to add in response to Defendant's Second Motion to Dismiss[.]" Doc. 17, Show Cause Resp., ¶ 1.01. Moore's response further stated that "[s]ince Defendant's Second Motion to Dismiss simply recites the allegations in the First Motion, and Plaintiff's counsel was unable to obtain additional information from Plaintiff, Plaintiff's counsel elected to stand on Plaintiff's Response" to the First Motion to Dismiss. *Id.* ¶ 1.02. She therefore "re-alleged" it as a response to the Second Motion to Dismiss. *Id.* ¶ 1.03. Consequently, the Court construed Moore's Response to the First Motion to Dismiss as her Response to the Second Motion to Dismiss. *See* Doc. 18, Electronic Order. Innova then filed a reply. *See generally* Doc. 19, Reply. The Court considers Innova's Second Motion to Dismiss below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes motions to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)) (citation modified).

## III.

## ANALYSIS

The Court **GRANTS in part** Innova's Motion to Dismiss and **DISMISSES** Moore's claims for retaliation and sexual harassment based on a hostile work environment theory (counts four, five, and six). In contrast, Moore has plausibly alleged a claim for sex and race discrimination.

A.   *Moore Sufficiently Alleges Her Discrimination Claims.*

The Court finds that Moore has sufficiently alleged discrimination based on her protected characteristics to survive a 12(b)(6) attack.

Courts use the same framework to analyze claims for discrimination under § 1981, Title VII, and the TCHRA. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (noting § 1981 and Title VII claims are analyzed under the same framework); *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (noting a Chapter 21 claim under the Texas Labor Code is "effectively identical to Title VII" (citation omitted)). Under all three statutes, a plaintiff can establish a discrimination claim by showing disparate treatment based on her protected class. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019).

To survive a Rule 12(b)(6) motion to dismiss, "a plaintiff need not make out a prima facie case of discrimination." *Id.* (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). Instead, a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted). The ultimate elements of a disparate treatment claim are "(1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Cicalese*, 924 F.3d at 767 (internal quotation marks, citations, and emphasis omitted). To plead the first

element, a plaintiff need only plausibly allege "discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment." *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502-03 (5th Cir. 2023) (en banc) (quoting 42 U.S.C. § 2000e-2(a)(1)) (other citation omitted). The Fifth Circuit has held that Title VII's catchall category, "terms, conditions, or privileges of employment" is broad. *See id.* at 503. But the first element requires more than just an adverse action. The plaintiff must also allege "something more than a *de minimis* harm borne of that action." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 431 (5th Cir. 2023) (per curiam). To plead the second element, the plaintiff must allege facts that suggest the employer's actions were based on the plaintiff's protected status—here, race or gender—or that the employer "treated similarly situated employees of other races [or another gender] . . . more favorably." *Raj*, 714 F.3d at 331.

In *Hamilton*, for the first time, the Fifth Circuit directly addressed discrimination in the "terms, conditions, or privileges of employment." *Yates v. Spring Indep. Sch. Dist.*, 115 F.4th 414, 420 (5th Cir. 2024) (noting that prior to *Hamilton*, Fifth Circuit precedent required a plaintiff to show discrimination regarding an ultimate employment decision). There, female correctional officers brought claims against the County for sex discrimination after the County changed their shift schedule from seniority-based to sex-based and prevented the female officers from taking both weekend days off. *Hamilton*, 79 F.4th at 497. The Fifth Circuit denied the motion to dismiss and found that the time-shifts employees are assigned to work are quintessential "terms or conditions" of employment because they "go to the very heart of the work-for-pay arrangement." *Id.* at 503. Therefore, an allegation that the County gave "men [the] full weekends off while denying the same to women . . . states a plausible claim of discrimination under Title VII." *Id.* at 497.

Here, Moore plausibly states a disparate treatment claim. Like the time-shifts in *Hamilton*, compensation information and access to guidance from leadership "are essential terms or conditions of employment" because they "go to the very heart of the work-for-pay arrangement." *See id.* at 503. Therefore, by distributing guidance and information to only Moore's Indian male peers and not Moore, Innova has plausibly denied Moore material components of her employment based on her gender and race. *See id.* ("[A] benefit that is part and parcel of the employment relationship may not be doled out in a discriminatory fashion." (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 75 (1984)). Furthermore, as Moore stated that timely knowing her bonus information as "critical to her" and a significant reason why she chose the job, discrimination that denies her access to that information is more than a "de minimis" harm.

Innova argues Moore cannot overcome the motion to dismiss standard because she failed to name a comparator. Doc. 15, Second Mot. Dismiss, 9. But Moore does not need to allege a comparator at this stage. *See Jenkins v. City of Dal.*, 717 F. Supp. 3d 528, 536-37 (N.D. Tex. 2024) (Boyle, J.). Instead, the question is "whether the factual allegations are enough to 'nudge' her discrimination claim 'across the line from conceivable to plausible.'" *Id.* at 537 (citing *Cicalese*, 924 F.3d at 768). Therefore, while naming a comparator can help "nudge" a claim "across the line," it is not the only way to do so. Here, the Court concludes that Moore's allegations that her Indian male peers received guidance and information that she did not receive are sufficient to make her racial discrimination claim plausible

Because Moore has plausibly alleged claims for sex and race discrimination, the Court denies Innova's motion to dismiss those claims.

B.    *The Court Dismisses Moore's Retaliation Claim.*

The Court dismisses Moore's retaliation claim. To state a claim for retaliation under the Texas Labor Code, a plaintiff must allege that "(1) she engaged in an activity protected by the [Texas Labor Code], (2) an adverse employment action occurred, and (3) there exists a causal link between the protected activity and the adverse action." *S.A. Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015) (citations omitted). "In . . . retaliation cases under the [TCHRA], Texas jurisprudence parallels federal cases construing and applying equivalent federal statutes, like Title VII." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 781 (Tex. 2018).

In its Second Motion to Dismiss, Innova asks the Court to disregard Moore's allegation that she told HR that "her new boss told her that *as a non-Indian female* she provided no value," because it is a "self-serving" addition that attempts to manipulate the facts to avoid dismissal. *See* Doc. 15, Second Mot. Dismiss, 13-14 (quoting Doc. 14, Am. Compl., ¶ 4.08 with added emphasis). Innova asserts Moore did not include the "non-Indian female" language in her charge of discrimination filed with the EEOC, her Original Complaint, or her Response to the First Motion to Dismiss (now construed as her Response to the Second Motion to Dismiss). *Id.* In the prior documents, Moore alleged she "let HR know that her new boss told her that she provided no value." *See* Doc. 1, Comp., ¶ 4.08.

In support, Innova cites to a Southern District of New York case where the court dismissed a breach of contract claim, in part, because the plaintiff had "transparent[ly]" amended his job description in the amended complaint from attorney to "specialist" in an attempt "to avoid [the defendant's] dispositive defense" that hinged on the plaintiff's employment as an attorney. *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *6 (S.D.N.Y. Sept.

24, 2008), *aff'd*, 356 F. App'x 535 (2d Cir. 2009). The court held: "Where a 'plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint,' a court is authorized 'to accept the facts described in the original complaint as true.'" *Id.* (quoting *Wallace v. N.Y.C. Dep't of Corr.*, No. 95 Civ. 4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996)).

In this Circuit, a party who fails to respond to an argument generally waives and abandons the issue. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff's failure to defend a claim in response to a motion to dismiss constituted abandonment of the claim) (citation omitted); *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings."); *Kellam v. Metrocare Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) (Solis, J.) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)), *aff'd*, 560 F. App'x 360 (5th Cir. 2014); *Johnson v. Dall. Cnty. Hosp. Dist.*, No. 3:23-CV-01574-E, 2024 WL 4394772, at *17 (N.D. Tex. Oct. 3, 2024) (Brown, J.) (same) (collecting cases).

Moore requested that the Court construe her Response to Innova's First Motion to Dismiss as her Response to Innova's Second Motion to Dismiss because "Defendant's Second Motion to Dismiss simply recites the allegations in the First Motion." Doc. 17, Show Cause Resp., ¶ 1.02. But the Second Motion to Dismiss directly challenged the principal fact underlying Moore's amended retaliation claim. Because Moore decided to stand on her original response, she did not defend against Innova's new challenge and effectively conceded to Innova's argument. Therefore, because

Moore waived her opportunity to argue that the Court should not disregard her new allegation, the Court dismisses the retaliation claim for failure to allege a protected activity.[1]

C.     *The Court Dismisses Moore's Claim for Sexual Harassment Based on a Hostile Work Environment.*

The Court dismisses Moore's claims for sexual harassment and hostile work environment under the TCHRA. Moore alleges "harassment and hostile environment" claims as her "fifth and sixth counts." Doc. 14, Am. Compl., ¶ 8. However, Innova construed Moore's harassment-type claims as one—namely, "a claim for sexual harassment based on a hostile work environment theory." *See* Doc. 15, Second Mot. Dismiss, 15-16. Moore describes her claim identically in her Response to the Motion to Dismiss, which also stands as her Response to the Second Motion to Dismiss. *See* Doc. 11, Resp., 6-7. Therefore, the Court construes Moore's harassment and hostile work environment claims as one claim for sexual harassment based on a hostile work environment theory.

To state a claim for sexual harassment based on a hostile work environment, a plaintiff must allege "(1) she was subjected to unwelcome sexual harassment, (2) she was harassed because of her sex, (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile work environment, and (4) some basis for holding the employer liable." *Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 771. Sexual harassment includes "an unwelcome sexual advance, a request for a sexual favor, or . . . [certain] other verbal or physical conduct of a sexual nature." Tex. Lab. Code § 21.141(2). "The core concept" of such a claim "is that sexual harassment has created an environment that, through the impact it would have on the victim, can be said to discriminatorily

---

[1] In its prior Opinion, the Court dismissed Moore's retaliation claim because a comment from her boss that she provided "no value" was a performance critique rather than a remark suggesting disrespect or disparate treatment based on a protected characteristic. *See* Doc. 13, Mem. Op. & Order, 7-8. Therefore, Moore did not plausibly allege her complaint to HR constituted a protected activity because it did not "alert the employer to the employee's reasonable belief that unlawful discrimination [was] at issue." *Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 786.

alter a 'term, condition, or privilege' of employment." *Twigland Fashions, Ltd. v. Miller*, 335 S.W.3d 206, 218 (Tex. App.–Austin 2010, no pet.) (emphasis and citation omitted).

The Court previously dismissed Moore's fifth and sixth claims for sexual harassment and hostile work environment because she failed to allege that she suffered unwelcome sexual harassment. Doc. 13, Mem. Op. & Order, 9. In her Amended Complaint, Moore does not add any allegations that she was subjected to unwelcome sexual harassment. As a result, Moore's claim for sexual harassment based on a hostile work environment is dismissed.

D.   *The Court Dismisses Moore's Retaliation Claim and Sexual Harassment Based on a Hostile Work Environment Claim with Prejudice.*

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The Court dismisses with prejudice Moore's claims for retaliation (count four) and sexual harassment based on a hostile work environment (counts five and six). Moore has already been given two opportunities to adequately plead these claims. In her order to show cause response, Moore concedes she has "nothing further to add." Doc. 17, Show Cause Resp., ¶ 1.01. Thus, it seems Moore has pleaded her best case with respect to those claims. *See Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 755 (N.D. Tex. 2013) (Lynn, J.) ("Dismissal with prejudice is also appropriate if a

court finds that the plaintiff has alleged his or her best case." (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir.1999))).

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Innova's Second Motion to Dismiss (Doc. 15). The Court **DISMISSES** Moore's claims for retaliation (count four) and sexual harassment based on a hostile work environment (counts five and six) **WITH PREJUDICE**. Moore's discrimination claims (counts one, two, and three) will proceed.

**SO ORDERED.**

**SIGNED: March 12, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE